1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT
8                              DISTRICT OF NEVADA
9                                    * * *
10
11  ANTHONY MICHAEL MARCELLI,              Case No. 3:14-cv-00559-MMD-WGC
12                          Plaintiff,     ORDER REGARDING REPORT AND
                                           RECOMMENDATION OF
        v.                                 MAGISTRATE JUDGE
13                                         WILLIAM G. COBB
    JERRY EDWARDS, et al.,
14                          Defendants.
15
16

17  I.    SUMMARY

18        Before the Court is the Report and Recommendation of United States Magistrate

19  Judge William G. Cobb (ECF no. 3) ("R&R") relating to Plaintiff Anthony Michael

20  Marcelli's ("Marcelli") Application for Leave to Proceed in Forma Pauperis ("IFP

21  Application"). (ECF No. 1.) The Court has reviewed Plaintiff's objections (ECF Nos. 4-6).

22  For the reasons below, the R&R is adopted in full.

23  II.   BACKGROUND

24        Marcelli, an inmate at the Northern Nevada Correctional Center, filed an IFP

25  Application in a suit involving several alleged constitutional violations stemming from his

26  arrest and conviction in 2011. (ECF No. 1.) Marcelli's complaint alleges a number of

27  problems with his arrest, including, among other things, a lack of a warrant, a failure to

28  inform him of his *Miranda* rights, and the unlawful seizure of his property. (ECF No. 1-1

at 4.) He also alleges various constitutional violations in connection with his pretrial detention, plea, conviction, and appeal. (*Id.* at 5-8.)

The Magistrate Judge took judicial notice of the following facts: Marcelli entered a no contest plea to the charge of attempting to make threats or convey false information concerning acts of terrorism, weapons of mass destruction, lethal weapons or toxins. A judgment of conviction was entered on May 25, 2011, after which Marcelli filed a direct appeal. The Nevada Supreme Court affirmed his conviction on March 7, 2012. Marcelli then filed a state habeas petition which was denied. The denial was affirmed by the Nevada Supreme Court. (ECF No. 3 at 6.)

The Magistrate Judge issued an R&R recommending this Court grant Marcelli's IFP Application and dismiss Marcelli's complaint. (ECF No. 3 at 14-15.) The R&R finds that each of Marcelli's claims fail. The Magistrate Judge found that Marcelli's unlawful seizure, false arrest, false imprisonment, and speedy trial claims are barred by the applicable two-year statute of limitations. (*Id.* at 8, 9, 12.) Marcelli's allegations regarding due process violations based on fabricated evidence are barred by *Heck*. (Id. at 10.) The malicious prosecution claims have not yet accrued because the criminal proceedings against Marcelli have not been terminated in his favor, and even if they had, three named defendants are protected by immunity doctrines. (*Id.* at 11.) His Fifth Amendment, *Miranda*, ineffective assistance of counsel and Equal Protection Clause claims are either uncognizable or unsupported by his allegations. (*Id.* at 12-14.) Lastly, the Magistrate Judge recommends this Court decline to exercise supplemental jurisdiction over any remaining state law claims. (*Id.* at 14.)

Marcelli filed three objections.[1] (ECF. Nos. 4-6.) A large portion of Marcelli's objections consist of the repeated allegation that judicial officers involved in his arrest and conviction were not bonded, in violation of the Nevada Constitution. (*See* ECF No. 4

///

_____

[1]ECF No. 5 and ECF No. 6 appear to be identical documents, except that ECF No. 5 contains additional exhibits.

at 2; ECF No. 5 at 3.) Marcelli also argues that his claims are not time barred because he has been pursuing them for four years continuously. (ECF No. 4 at 2.) Additionally, Marcelli makes two corrections to his complaint, now alleging that his first arrest took place on January 26, 2011, and that the most recent act of vindictive prosecution took place on February 24, 2014. (ECF No. 5 at 3.) He further argues that it is improper to apply Nevada's two year personal injury statute of limitations to his constitutional claims, and that the Magistrate Judge was incorrect in concluding that he had not pled facts which would support an Equal Protection claim. (*Id.* at 5-6.)

## III.   LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's R&R, then the court is required to "make a *de novo* determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Marcelli's objections, the Court has engaged in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's recommendations.

28 U.S.C. § 1915A requires that the court "review, before docketing, if feasible, or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "[T]he court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint — (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Rule 8 notice pleading standard requires Plaintiff to "give the defendant fair notice of

3

what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged — but not shown — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material ///

4

elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)).

Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Marcelli's pleadings with the appropriate degree of leniency.

## IV.    DISCUSSION

The Court agrees with the Magistrate Judge's recommendation to dismiss Marcelli's complaint with prejudice, except with respect to his malicious prosecution and due process claims based on falsified evidence, which will be dismissed without prejudice.

### A.    Due Process Claims

In his complaint, Marcelli asserts that he has also filed a habeas petition raising claims of actual innocence, due process violations, ineffective assistance of counsel, and the issue of unbonded officials. (ECF no. 1-1 at 9-10.) He states that his habeas petition is still pending. (*Id.* at 10.)

The R&R correctly concluded that Marcelli cannot bring a suit for damages or injunctive relief via 42 U.S.C. § 1983 insofar as the underlying issues are based on the notion that his conviction was unconstitutional. In *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994), the Supreme Court held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." As a prerequisite to pursuing relief for his due process claims, Marcelli must show that his conviction has been invalidated. Because he has failed to do so, the R&R properly found that his due process claims fail.

### B.    Statute of Limitations

#### 1.    The R&R identified the correct statute of limitations

Marcelli argues that he has filed constitutional claims, rather than personal injury claims, and therefore the Magistrate Judge erred in applying Nevada's two-year statute

of limitations to his § 1983 claims. (ECF No. 5 at 5.) As the Magistrate Judge clearly explained, Supreme Court precedent directs lower courts to apply state personal injury statutes of limitation when evaluating § 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261, 280 (1985) ("In view of our holding that § 1983 claims are best characterized as personal injury actions, the Court of Appeals correctly applied [state personal injury statute of limitations].") In Nevada, the statute of limitations for personal injury claims, and therefore § 1983 actions, is two years. NRS § 11.190(4)(e). The R&R identified the appropriate statute of limitations.

### 2.    The R&R correctly applied the statute of limitations to Marcelli's claims

Next, Marcelli argues that his claims are not time barred because of "the past 4 (four) years of continuous litigation involving these defendant officials being a continuous act of 'due diligence' still resulting in no relief at all." (ECF No. 4 at 2.) Additionally, he now asserts that an evidentiary hearing which occurred on February 24, 2014, should be considered the most recent instance of "vindictive prosecution and violations by the ever so 'unbonded' defendants." (ECF No. 5 at 3.)

To the extent that Marcelli believes that the February 24, 2014, hearing is another example of a due process violation, because officials are unbonded or have fabricated evidence which they used against him, his claims are barred by *Heck* for the reasons discussed above and discussed in further detail in the R&R.

To the extent that Marcelli is arguing that his unlawful seizure, false arrest, false imprisonment, and speedy trial claims have somehow been tolled while he has appealed his conviction and filed a petition for habeas corpus, that argument also fails. The statute of limitations for a claim of false arrest or illegal seizure begins to run on the date of the underlying arrest or seizure. *See Matthews v. Macanas*, 990 F.2d 467, 469 (9th Cir. 1993). The statute of limitations for a false imprisonment claim like the one Marcelli seeks to bring begins to run when a victim is bound over by a magistrate or arraigned. *Wallace v. Kato*, 549 U.S. 384, 389 (2007). The statute of limitations for a claim involving

a speedy trial violation would similarly have begun to run sometime in 2011, before Marcelli's judgment of conviction was entered. A civil rights claim under § 1983 is a separate claim from any habeas claim and from any arguments raised in a defendant's direct appeals of his conviction.

Marcelli's argument that he raised these issues, unsuccessfully, during the last four years is unavailing. The R&R correctly applied the applicable statute of limitations to each of these claims, and the Court agrees that they should be dismissed with prejudice.

### C.   Equal Protection

Lastly, Marcelli argues that the R&R is incorrect in concluding that he did not plead facts which, taken as true, would support a claim under the Equal Protection Clause of the Fourteenth Amendment. In support of his position, Marcelli repeats his allegations that various officials lacked bonds and prosecuted him maliciously and that his conviction was not supported by any evidence.

While it is true that in limited circumstances a malicious prosecution claim may be cognizable under the Fourteenth Amendment, such a claim still requires a plaintiff to show that criminal proceedings against him were terminated in his favor. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 919 (9th Cir. 2012) As discussed in the R&R, Marcelli cannot make such a showing. Marcelli's allegations do not contain any other prerequisites for an Equal Protection claim, such as the assertion that he was treated differently than a similarly situated person. Therefore, the Court agrees with the R&R that Marcelli has failed to state a claim based on the Equal Protection Clause.

### D.   Additional Arguments

Marcelli made several arguments and cited to several cases not discussed above. Mindful of his pro se status, the Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of this Order. The Court has also reviewed the R&R's reasoning in total, even where it was not objected to by Marcelli, and agrees with its conclusions.

*///*

## V.    CONCLUSION

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 3) be accepted and adopted in whole.

It is ordered that Plaintiff's application to proceed in forma pauperis (ECF No. 1) is granted. Pursuant to 28 U.S.C. § 1915(b), Plaintiff is still required to pay the full amount of the filing fee over time. Because his average monthly balance is zero, he need not pay an initial partial payment. In any month in which his balance exceeds $10, he should be required to pay twenty percent of that month's income until such time as the filing fee is paid in full.

The Clerk is directed to file the complaint (ECF No. 1-1).

It is further ordered that the Complaint (ECF No. 1-1) is dismissed with prejudice except as to the malicious prosecution claims and due process claims related to allegedly fabricated evidence, which are dismissed without prejudice. These claims *are* dismissed with prejudice, however, against the prosecutorial defendants Mills and Winn (insofar as Plaintiff has alleged they erred in initiating and presenting the State's case), and as to Judge Robert Estes.

The Clerk is ordered to administratively close this case.

DATED THIS 24th day of May 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE